17-835-cv
*Guido v. Wells Fargo Bank, N.A.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the twenty-third day of October, two thousand seventeen.

PRESENT:    AMALYA L. KEARSE,
            JOSÉ A. CABRANES,
            RICHARD C. WESLEY,
                        *Circuit Judges.*

---

NATALE GUIDO, LORETTA GUIDO,

       *Plaintiffs-Appellants*,                                    17-835-cv

       v.

WELLS FARGO BANK, N.A.,

       *Defendant-Appellee.*

---

FOR PLAINTIFFS-APPELLANTS:    CHARLES KANNEBECKER, Milford, PA.

FOR DEFENDANT-APPELLEE:    CAMERON E. GRANT (Lisa J. Fried and Stacey A. Lara *on the brief*), Hogan Lovells US LLP, New York, NY.

Appeal from a March 22, 2017 judgment of the United States District Court for the Southern District of New York (Vernon S. Broderick, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiffs-appellants Natale and Loretta Guido (the "Guidos") appeal from a judgment granting a motion to dismiss by defendant-appellee Wells Fargo Bank, N.A. ("defendant"). The Guidos argue that the District Court erred in dismissing—pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure—the seven claims in their amended complaint: wrongful foreclosure, common-law fraud, intentional infliction of emotional distress, malicious prosecution, abuse of process, negligent infliction of emotional distress, and attempted larceny. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the grant of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Pac. Inv. Mgmt. Co. v. Mayer Brown LLP*, 603 F.3d 144, 150 (2d Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Concerning the Guidos' seventh claim, for attempted larceny under N.Y. Penal Law § 155.05 (McKinney 2017), we observe that even if private prosecution were authorized for such an offense, the District Court lacked subject-matter jurisdiction over the claim because the diversity jurisdiction of the district courts extends only to "civil actions." 28 U.S.C. § 1332(a) (2012). The District Court therefore properly dismissed the claim.

Concerning the other six claims, we hold on independent review of the record that the Guidos' arguments are without merit, substantially for the reasons set forth in the District Court's Order and Memorandum dated March 21, 2017.

## CONCLUSION

We **AFFIRM** the March 22, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk